In the Matter of NANCY MAXWELL, Doing Business as MAXWELL NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of KATHARINE A. SHAFFER, Doing Business as CANAJOHARIE NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of JAY KARETNIK, Doing Business as NIGHTINGALE NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of ALBERTA HOWD, Doing Business as HOWD NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of STANLEY POSKANZER et al., Doing Business as POSKANZER CONVALESCENT HOME, Petitioners, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of EDWARD STAFFORD et al., Doing Business as STAFFORD NURSING HOME, Petitioners, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of STELLA B. LYONS, Doing Business as BIDA NURSING (CONVALESCENT) HOME, Petitioner, v. ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

Third Department, May 3, 1973.

*O'Connell & Aronowitz, P. C. (Cornelius D. Murray* of counsel), for Nancy Maxwell and others, petitioners.

*Edward Rappaport* for Katharine A. Shaffer, petitioner.

*Joseph Pozefsky* for Stella B. Lyons, petitioner.

*Louis J. Lefkowitz, Attorney-General (James H. Sweeny, Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for respondents.

*Per Curiam.* These are proceedings pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Commissioner of the Department of Social Services which decertified each of the petitioners as a provider of skilled nursing home care, in accordance with the provisions of title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 *et seq.*), thus rendering them ineligible for further participation in the Medicaid program.

Each of the petitioners herein is the owner and/or operator of one of the " Maxwell nursing homes " (*Maxwell* v. *Wyman,* 458

F. 2d 1146 [2d Cir., 1972]), which were decertified by the Department of Social Services in January of 1972 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title XIX of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F] [i]; Code of Fed. Reg., tit. 45, § 249.33 [a] [1] [vii]). By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (*Maxwell* v. *Wyman, supra*).

At the hearings directed by the court in the *Maxwell* case, the present respondents were directed to determine whether strict compliance with the provisions of the Life Safety Code would impose an unreasonable hardship upon the nursing home and then, if such hardship was found, whether a waiver of strict compliance would adversely affect the health and safety of the patients of the home. In the event that respondents determined that such hardship would result and that a waiver would not affect the patients' health and safety adversely, the court in the *Maxwell* case found that grant of a waiver was permissible (458 F. 2d, at 1150).

Although at a *Maxwell* hearing the respondents have the initial burden of proving that the nursing home does not comply with the provisions of the Life Safety Code, once this burden has been met, the petitioner has the burden of proving that failure to waive the relevant provisions of the code would result in unreasonable hardship and that, by reason of alternative arrangements for fire protection, the health and safety of the patients would not be adversely affected by the grant of a waiver. Once the respondents have determined whether to grant or deny a waiver, that determination is subject to limited review by this court, pursuant to the provisions of CPLR 7803 (subd. 4) and 7804 (subd. [g]).

In each of the present proceedings the Commissioner of the Department of Social Services, after finding that the particular nursing homes involved did not comply with certain provisions of the Life Safety Code and that failure to waive compliance with these provisions would create an unreasonable hardship, determined that the respective petitioners had failed to prove that the alternative arrangements, which they had provided, would secure as nearly equivalent safety to life from fire as practical, and that a waiver of these provisions would adversely affect the health and safety of the patients. Accordingly, each of the petitioners was denied a waiver.

The respondents' proof in each of the proceedings was very brief and consisted primarily of testimony from expert witnesses to the effect that the particular nursing home did not fully comply with the provisions of the Life Safety Code. There was no testimony adduced by the respondent as to whether the existing alternative arrangements for fire protection would secure a level of safety nearly equivalent to that prescribed by the code. On the other hand, each of the petitioners, in attempting to meet his burden of proof, offered testimony of expert witnesses concerning numerous safety devices and features present in the respective nursing home and in each proceeding concluded, in substance, that the home, as presently constructed, would provide equivalent safety to the patients as would a structure built in strict compliance with the code.

An examination of the record as a whole in each of these proceedings compels the conclusion that petitioners have sustained their burden of proof. Therefore, respondents' determinations, insofar as they found that the respective petitioners had failed to prove that their alternative arrangements provided as nearly equivalent protection from fire as possible and that a waiver would not adversely affect the health and safety of the patients, are not supported by substantial evidence and should be annulled.

The determinations should be annulled, without costs, and the matters remitted to the Commissioner of the Department of Social Services, for further proceedings not inconsistent herewith.

STALEY, JR., J. P., COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Determinations annulled, without costs, and matters remitted to the Commissioner of the Department of Social Services, for further proceedings not inconsistent herewith.