In the Matter of WILLIAM POLLOCK et al., Doing Business as CEDAR HEDGE NURSING HOME, Petitioners, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of ELEANOR SLOCUM, Doing Business as MAPLE LAWN NURSING HOME, Petitioner, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

In the Matter of LOUIS UNGARO, Doing Business as PHILLIPS NURSING HOME, Petitioner, *v.* ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Respondents.

Third Department, May 3, 1973.

*O'Connell & Aronowitz, P. C.* (*Cornelius D. Murray* of counsel), for William Pollock and another, petitioners.

*George M.* and *Lee S. Michaels* (*Michael A. Weinburg* of counsel), for Louis Ungaro, petitioner.

*Louis J. Lefkowitz, Attorney-General* (*James H. Sweeny, Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for respondents.

*Per Curiam.* These are proceedings pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Commissioner of the Department of Social Services which decertified each of the petitioners as a provider of skilled nursing home care, in accordance with the provisions of title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 *et seq.*), thus rendering them ineligible for further participation in the Medicaid program.

The issue presented in each of these proceedings is the same as the issue presented in *Matter of Maxwell* v. *Lavine* (41 A D 2d 346 [decided herewith]), and *Matter of Trumbull* v. *Lavine* (41 A D 2d 349 [decided herewith]), namely, whether respondents' determination refusing to grant a waiver to each of the petitioners of strict compliance with the requirements of the Life Safety Code of the National Fire Protection Association, as required by title XIX of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F] [i]), is supported by substantial evidence.

Following hearings which were held by respondents pursuant to the decision in *Maxwell* v. *Wyman* (458 F. 2d 1146 [2d Cir., 1972]), they determined that, while strict application of the provisions of the Life Safety Code would cause an unreasonable hardship to each of the petitioners, petitioners had not sustained their burden of proof that they had made alternative arrangements for fire protection which would secure as nearly equivalent safety to life from fire as practical and that a waiver of full compliance with the provisions of the Life Safety Code would not adversely affect the health and safety of their patients (*Matter of Maxwell* v. *Lavine,* 41 A D 2d 346 [decided herewith]).

In the present proceedings, as in all the other nursing home proceedings presently before this court, the respondents' experts did not testify as to the fire prevention plans of the particular nursing homes involved or their alternative safety measures but rather they confined their testimony to whether there existed structural violations vis-à-vis the Life Safety Code. On the other hand, the experts produced by each of the petitioners testified that if certain specified alterations or repairs were made to

the respective nursing homes, they would be safe and the grant of a waiver would not adversely affect the health and safety of their patients.

Although the petitioners' experts testified that certain alterations or repairs were necessary to make the particular nursing homes safe, there is no proof in any of the records as to whether these alterations or repairs have been made. Consequently, on the present records, we cannot determine whether the respondents' determinations are supported by substantial evidence, and, therefore, the matters must be remitted for further development of the record on the matter of whether the petitioners have made the alterations or repairs which their experts felt were necessary in order to make their respective nursing homes safe.

The decisions should be withheld and the matters remitted for further development of the record on the matter of whether the petitioners have made the alterations or repairs which their experts felt were necessary in order to make their respective nursing homes safe.

STALEY, JR., J. P., COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Decisions withheld and matters remitted for further development of the record on the matter of whether the petitioners have made the alterations or repairs which their experts felt were necessary in order to make their respective nursing homes safe.